**STUDENTS AGAINST APARTHEID COALITION; National Lawyers Guild, University of Virginia Chapter, Plaintiffs–Appellants,**

v.

**Robert M. O'NEIL, Individually and in his official capacity as President of the University of Virginia; the Rector and Board of Visitors of the University of Virginia, Defendants–Appellees.**

No. 87–3882.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 1, 1987.

Decided Feb. 8, 1988.

Steven David Rosenfield (MacQueen, Rosenfield & Green, on brief), Terri Elaine Welch (Boyle & Bain, Charlottesville, Va., on brief) for plaintiffs-appellants.

George Gilmer Grattan, IV, Legal Adviser and Sp. Asst. Atty. Gen., Office of the Legal Adviser, Charlottesville, Va., for defendants-appellees.

Before WIDENER, SPROUSE and WILKINS, Circuit Judges.

PER CURIAM.

The Students Against Apartheid Coalition and the National Lawyers Guild, University of Virginia Chapter (Student Groups) appeal the entry of summary judgment in favor of University of Virginia officials in their 42 U.S.C.A. § 1983 (West 1981) action seeking injunctive relief from the enforcement of a school regulation prohibiting display of symbolic shanties on the Lawn of the Rotunda building at the University. We affirm.

The Student Groups, in an effort to convince the University Board of Visitors to change its policy of investing in South African corporations, constructed shanties on the Lawn outside the Rotunda where the Board meets. The shanties were wooden structures erected to illustrate the living conditions of black South Africans under apartheid.

In September 1986, the University enacted a Lawn use regulation prohibiting "structures" or an "extended presence" on the Lawn within 700 feet of the Rotunda. The district court invalidated this regulation on the ground that it was unconstitutionally vague and not narrowly tailored to achieve the University's interest in aesthetics. *Students Against Apartheid Coalition v. O'Neil,* 660 F.Supp. 333 (W.D.Va. 1987).

In May 1987, the University enacted a revised regulation defining the term "structure" and deleting the ambiguous phrase "extended presence." On the present challenge to the revised regulation, the district court granted summary judgment for the University, finding that the regulation was not vague and constituted a reasonable time, place and manner restriction of the Student Groups' expression.

As noted by the district court, the validity of the University regulation depends on whether it is content neutral, narrowly tailored to meet a significant government interest and leaves open other channels of communication. *Clark v.*

*Community for Creative Non–Violence,* 468 U.S. 288, 293, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984). The Student Groups concede that the regulation is content neutral. The interest sought to be protected by the regulation is the preservation and integrity of the Lawn, described in the regulation as "the geographical and spiritual heart of the University." It is now well established that aesthetic concerns alone constitute a permissible government interest under the *Clark* test. *White House Vigil for the ERA Committee v. Clark,* 746 F.2d 1518, 1535 (D.C.Cir.1984). The revised regulation is narrowly drawn to ensure maintenance of the architectural integrity of the upper Lawn, which is part of a National Historic Landmark designed by Thomas Jefferson.

Finally, the regulation prohibits the erection of shanties only to the south of the Rotunda. The areas to the north, east and west immediately surrounding the Rotunda, along its access routes, and areas throughout the entire campus are not restricted. We agree with the analysis of the district court that the regulation meets the *Clark* test. We therefore affirm on the reasoning of the district court. *Students Against Apartheid Coalition v. O'Neil,* 671 F.Supp. 1105 (W.D.Va.1987).

AFFIRMED.